**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000013
06-FEB-2024
07:51 AM
Dkt. 65 SO**

NO. CAAP-23-0000013

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
OSCAR CARDONA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-21-0000633)

SUMMARY DISPOSITION ORDER
(By Leonard, Acting Chief Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Oscar Cardona (**Cardona**) appeals from the Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit (**circuit court**) on December 13, 2022.[1]  Cardona was charged by felony indictment[2]

---

[1]    The Honorable Kevin T. Morikone presided over the jury trial, and the Honorable Ronald G. Johnson presided over the sentencing.

[2]    The felony indictment provided,

On or about June 1, 2021, in the City and County of Honolulu, State of Hawaiʻi, OSCAR CARDONA did intentionally or knowingly cause the death of Elian Delacerda, thereby

(continued . . .)

with one count of Murder in the Second Degree in violation of Hawaii Revised Statutes §§ 707-701.5 (Supp. 2019) and 706-656 (2014). The matter proceeded to a jury trial, which commenced on August 24, 2022. On September 2, 2022, the jury found Cardona guilty as charged. On December 13, 2022, Cardona was sentenced to life imprisonment with the possibility of parole.

Cardona contends on appeal that the deputy prosecuting attorney (**DPA**) committed prosecutorial misconduct by: (1) "offering his personal opinions about witness credibility, including an attack on Cardona's credibility solely based on [his] party status [as defendant]"; and (2) by "testifying as a witness in his own case, and by asking excessive leading questions." Cardona further contends that the circuit court erred: (1) "when it did not provide a State v. Gabriel [No. CAAP-19-0000609, 2022 WL 1284613, (Haw. App. Apr. 29, 2022) (mem. op.)] limiting instruction [to the jury] in response to [testifying police officers'] Police Identifications of Cardona from video evidence"; and (2) "when it provided the 'Voluntary Act' instruction" to the jury. Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues

---

[2](. . . continued)
committing the offense of Murder in the Second Degree, in violation of Sections 707-701.5 and 706-656 of the Hawaiʻi Revised Statutes.

raised by the parties, we resolve Cardona's points of error as follows:

**(1)** We conclude that the DPA did not commit prosecutorial misconduct by offering his personal opinions on witness credibility, and/or attacking Cardona's credibility based on his defendant party status.

"The term prosecutorial misconduct is a legal term of art that refers to any improper action committed by a prosecutor, however harmless or unintentional." State v. Conroy, 148 Hawai'i 194, 201, 468 P.3d 208, 215 (2020) (cleaned up). We review contentions of prosecutorial misconduct under the harmless beyond a reasonable doubt standard. See State v. Mainaaupo, 117 Hawai'i 235, 247, 178 P.3d 1, 13 (2008).

Cardona contends that the DPA committed prosecutorial misconduct through, *inter alia*, the following remarks during trial: (1) comments perceived as referencing Cardona's allegedly poor eyesight;[3] (2) his use of the term "[Waikīkī] wrecking crew," which was in reference to other individuals that Cardona was with during the night of the incident; (3) his asking Cardona, during cross-examination, to demonstrate his actions using a pen rather than a knife because "I don't want to give

---

[3]    These included the DPA's remark that he needed to remove his own glasses because they were "fogging up" (the DPA was wearing a face mask, consistent with the court's COVID-19 protocol), the closing statement remarks that "[t]here's no credible, *independent* evidence that [Cardona] had an eye problem" (emphasis added), and "[y]ou take off your glasses, you get up close to somebody, maybe you might see, but you see a figure."

you the knife"; and (4) his general observation during closing statement, not specifically directed at Cardona, that "People lie. The evidence doesn't lie.".

When reviewed in context, the DPA's remarks were either benign statements, or reasonable inferences that could be drawn from the record facts. State v. Tuua, 125 Hawaiʻi 10, 14, 250 P.3d 273, 277 (2011) ("prosecutors are entitled to draw reasonable inferences from the evidence.") (citations omitted). As such, we conclude that the statements did not constitute improper expressions of the DPA's personal views regarding Cardona's guilt and/or credibility as a witness.

We further conclude that the DPA's repeated use of leading questions throughout trial was harmless beyond a reasonable doubt.

It appears, based on our review of the record, that Cardona objected to the DPA's leading questions numerous times during the DPA's direct examination of various State witnesses. We conclude that the circuit court properly exercised its discretion in sustaining these objections where warranted, instructing the DPA to ask "open-ended questions" only, and, as appropriate, striking leading questions and answers from the record.[4] State v. Pasene, 144 Hawaiʻi 339, 367, 439 P.3d 864,

---

[4] Although we reject Cardona's argument that his conviction should be vacated based on the DPA's numerous leading questions, we do so based on the circuit court's prompt, proper, and curative management of the DPA's

(continued . . .)

4

892 (2019) (determining that "the circuit court's actions were sufficient to cure the impropriety of the DPA's conduct" with respect to his questioning of a witness, where "the circuit court acted properly to promptly sustain each of defense counsel's objections and to issue curative instructions where necessary.").

**(2)** We conclude that the circuit court did not err in its instructions to the jury. "When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Nichols, 111 Hawaiʻi 327, 334, 141 P.3d 974, 981 (2006) (citation omitted).

On this record, we conclude that the lack of a limiting instruction, regarding the testifying officers' identification of Cardona from video evidence, was not prejudicially insufficient, erroneous, inconsistent, or misleading. Moreover, the circuit court did not err in its *sua*

---

[4](. . . continued) conduct, and our assessment that there is no reasonable possibility that the DPA's conduct might have contributed to Cardona's conviction. We nevertheless note that the DPA's repeated asking of leading questions, in spite of the circuit court's directions to the contrary, does not promote a positive image of the legal profession, does not assist the court and/or the jury in reviewing the case, and does not display appropriate respect for the criminal justice system. Cf. Section 12 of the Guidelines of Professional Courtesy and Civility for Hawaiʻi Lawyers.

*sponte* "Voluntary Act" instruction, which informed the jury of a potential defense available to Cardona.

For the foregoing reasons, we affirm the Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit on December 13, 2022.

DATED:  Honolulu, Hawaiʻi, February 6, 2024.

On the briefs:

Myles S. Breiner,
for Defendant-Appellant.

Brian Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge